IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:12CR00013 |
| v. ) | **OPINION AND ORDER** |
| ISMAEL MARTINEZ-RODRIGUEZ, ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Ismael Martinez-Rodriguez, has sought review by this court pursuant to 18 U.S.C. § 3145(b) of an order of the magistrate judge ordering his detention pending trial. I have made a de novo consideration of such detention, based upon a review of the record, including listening to the official audio recording of the evidentiary hearing before the magistrate judge, as well as the parties' submissions. Upon careful consideration of such record, I find that no conditions of release will assure the defendant's appearance in court. Accordingly, the Motion for Reconsideration, ECF No. 38, is DENIED.

The defendant first argues that detention is unlawful in this case because 18 U.S.C. § 3142(f)(1) permits a detention hearing only in certain delineated conditions and that flight risk is not one of those conditions. The defendant is wrong in his statutory analysis. Section 3142(f)(2) provides that a detention

hearing shall be held "upon motion of the attorney for Government or upon the judicial officer's own motion, in a case that involves . . . (A) a serious risk that such person will flee." The defendant misapprehends the opinion of the Supreme Court in *United States v. Salerno*, 481 U.S. 739 (1987). The Court was concerned in that case with the issue of future dangerousness, and stated that accordingly, "[t]he Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes." *Id.* at 747. The Court did not state, as the defendant contends in his submission, that a detention hearing is available "only if" one of the factors in § 3142(f)(1) is present.

This court's obligation is thus to determine whether conditions of release can be applied that will reasonably assure the defendant's appearance in court. 18 U.S.C. § 3142(g). While the Bail Reform Act does not expressly provide the evidentiary standard of proof, the cases hold that where serious risk of flight is the basis for detention, the burden of proof that no conditions of release will reasonably assure appearance is by a preponderance of the evidence. *United States v. Suastegui*, No. 3:18-mj-00018, 2018 WL 3715765, at *2 (W.D. Va. Aug. 3, 2018); 50 Geo. L.J. Ann. Rev. Crim. Proc. 402 n.1055 (2021) (citing cases).

The defendant alternatively contends that the government has not presented sufficient evidence that there is a serious risk of flight in this case. The uncontested facts show that the defendant, age 42, was born and raised in Mexico and his spouse, his three young children, his mother, and his siblings all live in Mexico.

He requires the assistance of a Spanish language interpreter. The defendant was deported from the United States in 2009. He was subsequently arrested in the Southern District of California on April 15, 2022, as an undocumented migrant and fell to the 2012 arrest warrant from this court. He has travelled extensively in the United States, as shown by his prior criminal convictions in New York and Nebraska and pending criminal charges in Indiana. He was arrested in New York in 2008 using the name Eliazar Boraza and apprehended in California this year using the name Olegario Avila-Rodriguez. He has crossed the international border at least three times. He is charged by the present Indictment with conspiring in 2010 in this District to utter and possess counterfeit and forged bank checks, as well as two counts of uttering and possessing such checks in 2010.

The defendant's only present connection to this District is a proposal from a community migrant health service that it would be able to provide him with a temporary place to live in this District if released. While the defendant appears to have been previously excluded from the United States and thereafter returned to the United States, the government advises that immigration authorities have determined not to criminally charge him at this time.

Based upon these facts, I find that the defendant poses a serious risk of nonappearance. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (unpublished) (holding that while defendant could not be detained solely because he is a removable alien, order of detention was affirmed since

district court made an individualized determination of flight risk); *United States v. Benitez-Elvira*, No. 1:14CR391-1, 2014 WL 6896142, at *2 (M.D.N.C. Dec. 5, 2014) (holding that detention was appropriate where defendant possessed family ties to Mexico, frequently traveled between the United States and Mexico, lacked close ties to anyone with lawful status in the United States, lacked lawful status in the United States subjecting him to detention at conclusion of proceedings, and had used multiple names).

It is argued that even assuming that the defendant poses a serious risk of flight, there are conditions that will mitigate that risk, such as electronic monitoring and "support from pretrial services." Def.'s Br. Supp. Review 10 n.7, ECF No. 40. However, these conditions will not reasonably assure his appearance "because the defendant could depart his approved residence for parts unknown before probation officials reasonably could respond to any electronic or human report of his unauthorized absence." *Benitez-Elvira*, 2014 WL 6896142, at *3.

Moreover, while it appears that the defendant may be able to obtain temporary housing with persons who do not know him, there is nothing in that situation that would mitigate the serious risk of absconding.

ENTER: July 29, 2022

/s/  JAMES P. JONES
Senior United States District Judge